UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CRAIG HILL,                              )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )          No. 1:20-cv-00151-RWS
                                         )
NEW MADRID COUNTY, et al.,               )
                                         )
              Defendants.                )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Craig Hill for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 3). The account statement shows no deposits being made to the account, and indicates an opening and closing balance of zero. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"). However, this does not mean that plaintiff is excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983. His complaint is handwritten on a Court-provided form. The complaint names New Madrid County, the Pemiscot County Police Department, Officer Jimmy Alston, and the Marston Police Department as defendants. (Docket No. 1 at 1). Officer Alston is sued in his official capacity only. (Docket No. 1 at 2).

In his "Statement of Claim," plaintiff asserts that he was "held at gunpoint" by three white males and one female. (Docket No. 1 at 3). At some point, he was driven to Marston, Missouri, where he alleges he was "beat" and "assaulted," and that "other white guys join[ed] the [assault]." Plaintiff states that he "took off running" and "requested help" from two houses.

Plaintiff further states that the police never came to help him or investigate the alleged assault, even though he suffered from head trauma, as well as stab wounds to his left hand that required thirty-seven stitches. (Docket No. 1 at 4). An ambulance took him to the hospital in Hayti, Missouri. Officer Alston, of the Marston Police Department, was at the hospital. Plaintiff told Officer Alston about what had happened, including the names of the people involved. (Docket No. 1 at 4-5). According to plaintiff, Officer Alston "[assaulted] him and…failed to make [an] arrest on any of the white guys who [assaulted] him." (Docket No. 1 at 4).

Plaintiff accuses the "county of Pemiscot and New Madrid" of failing to investigate his case. (Docket No. 1 at 5). He asserts that he is an "African American who was [assaulted] [by] several white guys and [that] both [counties] failed to make any arrest or investigate the robbery and [assault]." He further explains that the "crime was committed in Pemiscot County and ended in New Madrid County," but that when he called 911, "the cops never came to the crime [scene] or made [an] arrest."

Plaintiff states that he was the victim of a hate crime. As such, he is seeking $1,000,000 in damages. (Docket No. 1 at 6).

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants failed to investigate a hate crime committed against him. For the reasons discussed below, this action will be dismissed for failure to state a claim.

**A. Claims Against the Pemiscot County Police Department and Marston Police Department**

Plaintiff has named both the Pemiscot County Police Department and the Marston Police Department as defendants. A police department, however, is a department or subdivision of local government, and not a juridical entity, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because the Pemiscot County and Marston Police Departments are not suable, plaintiff's claims against them must be dismissed.

**B. Claims Against Pemiscot County and New Madrid County**

Plaintiff has also named Pemiscot County and New Madrid County as defendants. Local governing bodies such as Pemiscot County and New Madrid County can be sued directly under 42 U.S.C. § 1983. In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional

5

policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can assert the liability of either county.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action…made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389-90 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers."  *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not sufficiently stated a claim against either Pemiscot County or New Madrid County. First, he has not presented any factual allegations to support the proposition that either county has an unconstitutional policy. That is, he has not provided facts pointing to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as being at issue in this case.

Second, plaintiff has not alleged any facts to support the proposition that either Pemiscot County or New Madrid County has an unconstitutional custom. Specifically, plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct," much less that county policymaking officials knew of such misconduct, and were deliberately indifferent to or authorized it. To the contrary, plaintiff's allegations, such as they are, focus on a single instance. However, the Court cannot infer the existence of an unconstitutional

7

policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Finally, plaintiff has not properly alleged that either Pemiscot County or New Madrid County was deliberately indifferent toward training or supervising their employees. In particular, there are no facts indicating a "pattern of similar constitutional violations by untrained employees." Indeed, as noted above, plaintiff's complaint details only a single occurrence that happened to him, and does not encompass other unconstitutional activity that would potentially make either Pemiscot County or New Madrid County liable to him.

For all these reasons, plaintiff has failed to state a claim against either Pemiscot County or New Madrid County, and these claims must be dismissed.

### C.  Claim Against Officer Alston

Plaintiff has sued Officer Alston in his official capacity only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Officer Alston is alleged to be a member of the Marston Police Department. Thus, plaintiff's official capacity claim against him is actually a claim against Marston itself. As noted above, in order to prevail on a claim against a municipality, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. This can be done by establishing that a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick*, 883 F.3d at 1079.

In this case, as discussed more thoroughly above, plaintiff has not presented any factual allegations tending to show the existence of an unconstitutional policy, custom, or failure to train on the part of any municipality named in the complaint. Therefore, the official capacity claim against Officer Alston – which is the only type of claim asserted against him – must be dismissed.

Even if the Court were to assume that Officer Alston was being sued in his individual capacity, as well as his official capacity, such a claim would still be subject to dismissal. As noted above, in order to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. The complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Here, the entirety of the allegations against Officer Alston consist of a single conclusory sentence in which plaintiff states that Alston "[assaulted] him and…failed to make [an] arrest on any of the white guys who [assaulted] him." Plaintiff does not present any facts to explain what he means when he states he was assaulted by Officer Alston. He also does not present any facts to support his contention that Officer Alston's failure to make an arrest violated his constitutional rights. As noted above, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Therefore, even if plaintiff had sued Officer Alston in his individual capacity, he has failed to state a claim.

For the reasons discussed above, the claim against Officer Alston must be dismissed without prejudice for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the initial partial filing fee is waived. *See* 28 U.S.C. § 1915(b)(4).

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's Office, until the filing fee of $350 is paid in full. *See* 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of September, 2020.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

11